IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Willie Ritter,  )
 )
      Petitioner,  )
 )   C/A No.: 9:18-cv-01508-TLW
v.  )
 )
Aaron Joyner, Warden,  )
Lee Correctional Institution,  )
 )
      Respondent.  )
_____ )

# ORDER

Petitioner Willie Ritter, an inmate with the South Carolina Department of Corrections, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, ECF No. 23, which Petitioner opposed, ECF No. 24. This matter now comes before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Bristow Marchant, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 26. In the Report, the Magistrate Judge recommends granting the Respondent's motion for summary judgment and dismissing the petition. *Id*. Petitioner filed objections to the Report, ECF No. 29, to which Respondent replied, ECF No. 30. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and applicable law. The Court notes that at the evidentiary hearing before the post-conviction relief (PCR) court, plea counsel testified as to why he believed Petitioner's sentence was suspendible at the time of sentencing, and why he believed that the Judge shared that belief. Plea counsel further testified that he advised Petitioner of the sentencing range and noted that, while the law was unclear, judges routinely suspended sentences and that it would be up to the plea judge whether to suspend the sentence in this case. The PCR court found that plea counsel was credible on this issue, a finding that is entitled to substantial deference on habeas corpus review. Further, this Court notes that the record shows that Petitioner admitted he had committed the crime and entered his plea of guilty after the Judge advised Petitioner of his rights and the potential sentences. Notwithstanding the plea judge's statement of his incorrect belief regarding the suspendibility of the sentence, notably the plea judge did state that the offense carried a maximum sentence of life imprisonment and a minimum sentence of 20 years.

For the reasons stated in the Report, this Court accepts the conclusion of the Magistrate Judge that Petitioner has failed to establish that his counsel was ineffective or that his plea was involuntary. After careful consideration, **IT IS ORDERED** that the Report, ECF No. 26, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 29, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 23, is **GRANTED** and the Petition, ECF No. 1, is hereby **DISMISSED**.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Senior United States District Judge

September 30, 2019
Columbia, South Carolina